UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:19-cr-23 |
| vs. | : | Judge Timothy S. Black |
| AYAH, INC. (4), | : | |
| Defendant. | : | |

**ORDER**

This case is before the Court regarding attorney Timothy Hickey's response (Doc. 47) to the Court's Order to Show Cause (Doc. 46).

On September 3, 2020, the case as to Defendant Ayah, Inc. (4) came before the Court for a change of plea hearing by video conference.[1] (Min. Entry, Sep. 3, 2020). Defendant, having waived in-person appearance and consented to proceed by video conference, participated in the presence of defense counsel, Timothy Hickey, Esq. (*Id.*; Doc. 43). However, defense counsel's use of his cellular telephone to join the video conference resulted in technological difficulties (which the Court had cautioned Mr. Hickey about, to no avail), and the Court was ultimately compelled to continue the hearing in progress. (Min. Entry, Sep. 3, 2020).

Later that day, the Court entered a Notation Order and Notice of Hearing, rescheduling the change of plea for September 17, 2020 and instructing defense counsel as follows:

---

[1] By virtue of the parties' plea agreement, Defendant Ayah, Inc.'s plea would have also resolved the case as to Defendants Khalil Yacub (1) and Crystals Up in Smoke Inc. (5). (Doc. 41, ¶ 10).

> [P]rior to the 9/17/2020 change of plea hearing, defense counsel is ORDERED to make arrangements for his and his client's hearing participation, by fully functioning video conference, i.e., using a laptop, computer with webcam, or tablet. Defense counsel is further ORDERED to contact chambers promptly (but no later than 9/14/2020) to schedule a test of his video conference technology, which test must occur at least 24hrs prior to the change of plea hearing.

(Not. Order & Notice of Hrg., Sep. 3, 2020).

However, on September 17, 2020, the Court had not yet received confirmation from Mr. Hickey that he and his client would be able to participate by way of an appropriate electronic device, nor had counsel complied with the Court's Order to contact chambers to schedule a test of his video conference equipment. Accordingly, the Court contacted both parties via email and advised that the hearing would once again need to be rescheduled. Moreover, the Court's email to counsel expressly stated that:

> [On September 3, 2020], the Court entered a Notation Order rescheduling the hearing for today (9/17/2020 at 1:00 p.m.) and further ordered defense counsel to: (1) make arrangements for participation by way of an appropriate electronic device; (2) contact the Court no later than 9/14/2020 to schedule a test run of the video conferencing system; and (3) participate in the scheduled test at least 24 hours prior to the hearing. The Court has not heard from Mr. Hickey to date.

(Email from Chambers to Parties, Sep. 17, 2020). The Court's email further stated that, "[o]nce a new date [for the change of plea hearing] is selected, the Court will enter another Notation Order with specific instructions for defense counsel. <u>Counsel is required to review all orders entered in this case and abide by any instructions</u>." (*Id.*) (emphasis added).

2

Despite these repeated instructions, Mr. Hickey contacted chambers via email on September 21, 2020, stating that he was never given notice of the prior video conference test run.  In response, the Court emailed defense counsel a copy of the September 3, 2020 Notation Order.  Additionally, the Court offered dates and ultimately scheduled a video conference test run for Mr. Hickey, which was to take place on September 28, 2020 at 10:00 a.m.

On September 28, 2020, Mr. Hickey joined the Court's scheduled video conference test run—arriving fifteen minutes late, without apology or explanation. However, Mr. Hickey joined the *video* conference test run by <u>telephone</u>.  After being reminded that he needed to secure an appropriate device to participate in the video conference, Mr. Hickey stated that he did not own any such device but would attempt to borrow the equipment from someone and then contact the Court shortly.  Having not heard from Mr. Hickey by that afternoon, the Court entered another Notation Order and Notice of Hearing, rescheduling the change of plea hearing for October 2, 2020 at 2:30 p.m. and further stating that:

> [D]efense counsel is ORDERED to immediately make arrangements for his and his client's video conference participation by way of a laptop, desktop computer with webcam, or tablet. **Defense counsel is further ORDERED to participate in a test run of his video conference technology on 9/30/2020 at 12:30 p.m., during which defense counsel must utilize the laptop, webcam, or tablet he intends to use during the change of plea hearing.**

(Not. Order & Notice of Hearing, Sep. 28, 2020) (emphasis in original).

On September 30, 2020, at 12:25 p.m., the Court opened the video conference room and awaited Mr. Hickey's participation until 1:02 p.m.  Mr. Hickey never joined the test run, nor did he contact chambers to explain his absence.

Therefore, on September 30, 2020, the Court entered an Order to Show Cause, stating as follows:

> Mr. Hickey's repeated failures to follow this Court's Orders and instructions have consumed a significant amount of this Court's already limited time and resources, undoubtedly inconvenienced the Government, and needlessly delayed resolution as to three of the five defendants in this case.
>
> Accordingly, defense counsel, Timothy Hickey, Esq., is hereby **ORDERED** to show cause as to why he should not be sanctioned for his failures to abide by the Court's Orders and instructions.  Counsel's written response to this Order **SHALL** be filed **no later than October 7, 2020**.

(Doc. 46 at 4).[2]

On October 6, 2020, the Court received an email from Mr. Hickey, inexplicably stating that:

> Last week the plea hearing was reset <u>without any notice to me</u>. I would appreciate <u>someone from your office sending me the Entry</u> with the new date.
>
> As you may know, <u>we</u> have had trouble with the electronic connections to ZOOM the plea.  I purchased a new iPad in order to avoid further problems.  It was <u>suggested</u> that we have a dry run prior to the actual plea.

---

[2] As the Court had not yet received any indication that Mr. Hickey was able or willing to secure an appropriate electronic device (i.e., a tablet, laptop, or webcam), or to engage in a test run, the Court was compelled to vacate the October 2, 2020 change of plea hearing.  The Court's Order stated that a new change of plea hearing date would be selected after the receipt of Mr. Hickey's response.  (Doc. 46 at 3-4).

4

(Email from Hickey to Chambers, Oct. 6, 2020 at 9:03 a.m.) (emphasis added). The Court responded to Mr. Hickey's email with the following:

> The plea hearing previously scheduled for 10/2/2020 at 2:30 p.m. was vacated by way of a duly noticed Court Order, entered on 9/30/2020. (Doc. 46). All counsel receive electronic notice through the ECF system. And I have confirmed through ECF that you <u>did</u> in fact receive notice of the 9/30/2020 Order, as well as receiving notice of all other entries docketed in this case, via email to tihickey@yahoo.com, which is the email address you are currently using and have used throughout these proceedings. Thus, your continued representations to chambers staff regarding failure to receive notice are inaccurate. And I would remind you that your emails and calls to chambers staff <u>are communications with the Court</u>.
>
> Additionally, the Court has repeatedly reminded you that you are **required** to read all docket entries and abide by all Court Orders and instructions, and we have directed your attention to the docket on countless occasions. Indeed, I personally emailed you on 9/17/2020 and stated: "Counsel is required to review all orders entered in this case and abide by any instructions." I also spoke with you by phone this past Friday, 10/2/2020, at which time I told you repeatedly that you need to check the docket.
>
> Once again, I will remind you that you are required to check the docket and to abide by all Court Orders and instructions. And the Court's 9/30/2020 Order requires you to respond and, needless to say, do so truthfully.

(Email from Chambers to Hickey, Oct. 6, 2020 at 2:22 p.m.) (emphasis in original).

Mr. Hickey responded to the Court's October 6, 2020 email, indicating that: "I thought I had read all of the Entries, but apparently I was mistaken. I apologize for my mistake. Please be assured I did not intentionally violate the Court's rules." (Email from Hickey to Chambers, Oct. 6, 2020 at 2:46 p.m.). Mr. Hickey further stated that he had prepared a response to the Order to Show Cause, but that the document could not be filed

5

electronically due to a "failure in transmission." (*Id*.; Email from Hickey to Chambers, Oct. 6, 2020 at 2:07 p.m.). Mr. Hickey noted that he had been in contact with the Clerk's Office, but that the issue had not yet been resolved. (*Id*.)

In response to Mr. Hickey's filing difficulties, the Court contacted the Clerk's Office and was advised that Mr. Hickey was initially unable to file because he did not know his CM/ECF password and could not access the docket at all. After the Clerk's Office reset Mr. Hickey's password, he was still unable to file because, despite the Clerk's Office's assistance, he could not convert the document to PDF. Ultimately, the Court informed Mr. Hickey that, while contrary to court policy, the Court would allow Mr. Hickey to personally deliver his response to the Clerk's Office to be manually filed. (Email from Chambers to Hickey, Oct. 6, 2020 at 2:22 p.m.). The following day, Mr. Hickey delivered his response to the Clerk's Office and it was timely filed. (Doc. 47).

This Court was already floored by Mr. Hickey's unprofessional conduct in this case. And the Court was further offended by Mr. Hickey's lack of candor and respect in his communications with chambers staff. Now, having reviewed Mr. Hickey's response to the Order to Show Cause, this Court is frankly appalled. As fully recited below, Mr. Hickey's response ranges from stunningly disingenuous to intentionally and blatantly inaccurate, all in an effort to deflect blame from himself.

To start, Mr. Hickey states in his response that, subsequent to the Court continuing the September 3, 2020 plea hearing (caused by Mr. Hickey), but prior to September 28, 2020, "a[n] electronic trial run was scheduled with the Court, but again there were electronic difficulties and as a result another valid connection could not be made." (Doc.

6

47 at 1). This statement is patently false. As this Court has already stated, and as is clearly evidenced from the docket and the email communications exchanged, Mr. Hickey failed to schedule and participate in a test run between September 3, 2020 and September 28, 2020, despite being **ORDERED** to do so. (Not. Order & Notice of Hrg., Sep. 3, 2020); (Email from Chambers to Parties, Sep. 17, 2020); (Email from Hickey to Chambers & Gov't, Sep. 21, 2020 at 10:00 a.m.).

Next, Mr. Hickey alleges that "electronic difficulties" hindered his September 28, 2020 test run. (Doc. 47 at 1). To be clear, what Mr. Hickey refers to as an "electronic difficult[y]," was actually a complete inability to proceed because Mr. Hickey joined the *video* conference test run using an **audio-only telephone**. Moreover, Mr. Hickey says nothing of the fact that he had already wasted fifteen minutes of the Court's time that day by joining the test run late, nor does he explain his failure to contact the Court later that afternoon, as he assured the Court he would do.

Mr. Hickey next states that: "On September 30, 2020 I made a mistake and missed the scheduled test run. I did not follow the Court Order without any intent to offend the Court or waste its time." (*Id*. at 2). This is Mr. Hickey's only effort to take responsibility for his failures. Notably, it comes only after his failure to participate resulted in the Court's issuance of the Order to Show Cause. And, alas, his contrition is short-lived.

Mr. Hickey then goes on to say that he subsequently purchased a $400 iPad and joined the change of plea hearing on October 2, 2020 with his client, only to be advised by the Court that the hearing had been vacated days before. (*Id*.) While the Court acknowledges that Mr. Hickey may have purchased an iPad for the hearing, the Court had

repeatedly suggested to him that he either borrow an iPad or laptop from a fellow attorney, friend, family member, or his client, or that he make a modest investment in a $30 webcam from any number of retailers.

Additionally, Mr. Hickey claims that he "has no recollection of any notification of a continuance [of the October 2, 2020 change of plea hearing] nor receiving the Order of September 30, 2020." (*Id.*)  This claim is preposterous.  The Court confirmed through the Notice of Electronic Filing that the Order to Show Cause was, without question, electronically served to Mr. Hickey's personal email address, by CM/ECF, on September 30, 2020 at 3:58 p.m.  (Doc. 46).  Moreover, this Court finds it inconceivable for an attorney to have "no recollection" of receiving an Order to Show Cause.  And the Court reiterates that, in his October 6, 2020 email to chambers, Mr. Hickey initially claimed that the Court had given him no notice at all of the Order to Show Cause.  (Email from Hickey to Chambers, Oct. 6, 2020 at 9:03 a.m.).  It is evident that Mr. Hickey was either ignoring the CM/ECF notifications or he simply did not bother to read a duly issued Court Order, despite this Court specifically admonishing him for this failing on numerous prior occasions.

Mr. Hickey further claims that he "has not missed a phone conference or a video plea except one." (Doc. 47 at 2).  In truth, during the pendency of this case, Mr. Hickey has been late to phone conferences, only appearing tardily when advised by other defense counsel that he was missing a Court conference.

Mr. Hickey closes his response by stating that he and his client "stand ready, willing and able" to proceed, and that he has reached out to the chambers via email to

8

schedule a test run (which email Mr. Hickey absurdly concludes with "Your attention would be greatly appreciated," as if the Court has been the inattentive party all along).

This Court has considered what sanctions would be appropriate to adequately discipline and train Mr. Hickey.  But Mr. Hickey has shown an inability and unwillingness to follow even the most basic set of instructions.  And, frankly, he has wasted quite enough of this Court's time.

Mr. Hickey's unprofessional conduct, his unwillingness to acknowledge his own errors, his blatant misrepresentations in virtually every communication with the Court over the past three months (including his signed, filed response to the Order to Show Cause), his egregious attempts to blame the Court and the Court's staff for his failures, and his disingenuous effort to feign remorse, have irrevocably tarnished his reputation before this Court.  And, accordingly, Mr. Hickey is no longer welcome to practice before this District Judge.

**IT IS SO ORDERED.**

Date:  11/23/2020

*Timothy S. Black*
Timothy S. Black
United States District Judge